# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Joseph C. M. Mosley,

               Plaintiff,        Case No. 25-14155

v.                               Judith E. Levy
                               United States District Judge

Detroit Board of Police
Commissioners,               Mag. Judge Curtis Ivy, Jr.

               Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL [18], GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [16], AND DENYING WITHOUT PREJUDICE AS MOOT DEFENDANT'S <u>MOTION TO DISMISS [14]</u>

Before the Court is Plaintiff Joseph C.M. Mosley's motion to amend the complaint to include an additional Defendant. (ECF No. 16.) Plaintiff also filed a "petition to proceed in forma pauperis and for appointed counsel." (ECF No. 18.)

## I.    Plaintiff's petition to proceed in forma pauperis and for appointed counsel (ECF No. 18)

The Court will first address Plaintiff's "petition to proceed in forma pauperis and for appointed counsel." (ECF No. 18.) With regard to

Plaintiff's petition to proceed in forma pauperis, otherwise known as proceeding without prepaying fees or costs, the Court granted Plaintiff's application to proceed in forma pauperis on January 24, 2026. (ECF No. 8.) As such, Plaintiff's second application is denied as moot because the relief he seeks was previously granted.

In this same document, Plaintiff also requests that the Court appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, "'[a]ppointment of counsel in a civil case is not a constitutional right' but 'a privilege that is justified only by exceptional circumstances.'" *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). "In determining whether an appointment is warranted, courts must consider whether the litigant has demonstrated that [they are] indigent, in addition to evaluating the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself." *Garzon v. De Hoffman*, No. 2:21-CV-10340, 2021 WL 1259462, at *1 (E.D. Mich. Apr. 6, 2021) (citing *Lavado*, 992 F.2d at 606). "In addition, as a general rule, appointment of counsel in a

2

civil case is inappropriate when a litigant's claims are frivolous or have a slim chance of success." *Id.* "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (quoting *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982)).

Plaintiff's request for appointment of counsel sets forth that he is indigent and does not have the resources to hire a lawyer, and that his claims are "meritorious." (ECF No. 18, PageID.216.) Even so, Court finds that Plaintiff has not set forth "extraordinary circumstances" that would justify the appointment of counsel, a highly limited resource, at this time. Thus, Plaintiff's motion to appoint counsel is denied without prejudice. Plaintiff may renew his request for appointment of counsel at a later time in this case.

## II. Plaintiff's motion to amend the complaint (ECF No. 16)

Plaintiff also filed a motion to amend the complaint. (ECF No. 16.) Plaintiff represents that he would like to add an additional Defendant.

3

Federal Rule of Civil Procedure 15 governs the amendment of pleadings, such as complaints. Rule 15(a)(1) states that a party may amend its pleading once as a matter of course within 21 days of the motion to dismiss. Plaintiff may also amend the complaint with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a).

Here, Plaintiff's first complaint (ECF No. 1) was stricken by the Court for failure to comply with Federal Rule of Civil Procedure 11(a). (ECF No. 5, PageID.163.) That complaint is "not part of the record." (*Id.*)

Plaintiff accordingly filed a complaint that complied with the Court's instructions on January 16, 2026. (ECF No. 6.) As such, Plaintiff has not yet used his opportunity to amend his complaint "once as a matter of course" per Federal Rule of Civil Procedure 15(a)(1). Given Plaintiff's *pro se* status and the reason for his previous amended complaint, Plaintiff will be permitted to amend his complaint "once as a matter of course" at this time. Fed. R. Civ. P. 15(a)(1).

As such, Plaintiff's motion to amend the complaint is granted. Plaintiff must file his amended complaint by **April 30, 2026**. Plaintiff's amended complaint must be "complete in itself" and make no reference

4

to his previous complaint. *See Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

Because Plaintiff's motion to amend his complaint is granted, the Court denies without prejudice as moot Defendant's motion to dismiss. (ECF No. 14.) "[A]n amended complaint supersedes all prior complaints." *Drake v. City of Detroit*, 266 Fed. App'x 444, 448 (6th Cir. 2008). "It follows that 'motions directed at the superseded pleading,'" such as Defendant's motion here, "generally are to be denied as moot." *Nails v. RPI-Section 8 Housing*, No. 2:17-cv-13702, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (quoting *Heard v. Strange*, 2:17-cv-13904, 2018 WL 4189652, at *2 (E.D. Mich. June 21, 2018)) (collecting cases), *report and recommendation adopted*, 2018 WL 4184633 (E.D. Mich. Aug. 31, 2018). Defendant is directed to file a responsive pleading to the amended complaint within 14 days of its service. In the event that Plaintiff fails to file his amended complaint by April 30, 2026, Defendant may refile its motion to dismiss.

### III. Conclusion

For the reasons set forth above,

Plaintiff's application to proceed in forma pauperis (ECF No. 18) is DENIED AS MOOT;

Plaintiff's motion to appoint counsel (ECF No. 18) is DENIED WITHOUT PREJUDICE;

Plaintiff's motion to amend the complaint (ECF No. 16) is GRANTED; Plaintiff must file his amended complaint by **April 30, 2026**; and

Defendant's motion to dismiss (ECF No. 14) is DENIED WITHOUT PREJUDICE AS MOOT.

IT IS SO ORDERED.

Dated: April 10, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

6